**CLOSED**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| SPILLERMAN HILL, | : | |
| Plaintiff, | : | Civil No. 13-1700 (FSH) |
| v. | : | |
| COMMISSIONER GARY LANIGAN, et al., | : | **MEMORANDUM AND ORDER** |
| Defendants. | : | |

IT APPEARING THAT:

1. Plaintiff signed the instant Complaint for filing on March 14, 2013 and it was docketed on March 15, 2013 (docket entry 1). Plaintiff failed to submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2). While he did file an "Application To Proceed Without Prepayment of Fees and Affidavit," (Dkt. 1-1), Plaintiff did not provide a full six-month account statement as required by 28 U.S.C. § 1915(a)(2). The account information as submitted covered the time period of October 19, 2012 until February 15, 2013, a period of only four months. Further, the account information was not certified by the appropriate official of the facility at which Plaintiff is incarcerated, as also required by 28 U.S.C. § 1915(a)(2).

2. In light of Plaintiff's failure to submit an in forma pauperis application or prepay the filing fee, this Court issued an Order (docket entry no. 2), dated April 2, 2013, to administratively terminate the matter, but allowing Plaintiff thirty days time in which to reopen by submitting a completed in forma pauperis application or paying the filing fee.

3. Plaintiff has now submitted a renewed application to proceed in forma pauperis (docket entry 4) and a trust account statement (docket entry 5).

4. Under the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)(1), a prisoner bringing a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee.  The prisoner also must submit a certified copy of his inmate trust fund account statement for the six month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2).  The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined.  Id.

5. Plaintiff's recently filed account statement contains account information for the dates of October 19, 2012 until April 1, 2013.  Again these dates fail to conform to the requirement of providing account information for the six

2

     month time period prior to the filing of the complaint. Further, this new account statement has not been certified by an official of the facility at which Plaintiff is incarcerated. The allegations of the complaint suggest that Plaintiff was likely to have been incarcerated for the six months of time preceding the filing of the instant Complaint. Plaintiff has not stated otherwise and did not offer any suggestion as to why a full six months of account information for the time period preceding the filing of the complaint was not provided. Accordingly, it appears that Plaintiff is required to provide a certified statement with a full six months of account activity for the time period preceding filing of the complaint but has not done so.

6. Since Plaintiff is required to obtain an account statement from the appropriate official of each prison at which he was or is confined for the six month period immediately preceding the filing of his complaint, <u>see</u> 28 U.S.C. § 1915(a)(2), and since the account statement filed did not include the requisite six months of account information, Plaintiff's application remains deficient and <u>in forma pauperis</u> status will be denied.

     THEREFORE, it is on this 1st day of July, 2013;

ORDERED that the Clerk shall reopen this matter by making a new and separate entry on the docket reading "CIVIL CASE REOPENED"; and it is further

ORDERED that Plaintiff's application to proceed in forma pauperis is hereby DENIED, without prejudice; and it is further

ORDERED that the Clerk of the Court shall administratively terminate this case, without filing the complaint or assessing a filing fee; and it is further

ORDERED that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing, addressed to the Clerk of the Court, M.L. King, Jr. Federal Bldg. & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey, 07102, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed in forma pauperis application, including a certified six-month prison account statement, or (2) the $350 filing fee; and it is further

ORDERED that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete in forma pauperis application or filing fee within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is further

ORDERED that the Clerk shall close the file in this matter by making a new and separate entry on the docket reading "CIVIL CASE CLOSED."

s/ Faith S. Hochberg
Faith S. Hochberg
United States District Judge
